UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SUFIAN ALI MOHAMMAD BANISAID

Plaintiff,

-vs.-

7-ELEVEN, INC. d/b/a 7-ELEVEN, BURAK "DOE"
last name being fictitious and unknown, and ROSE
"DOE" last name being fictitious and unknown

Defendants.

-------------------------------------------------------------------X

FILED
CLERK

Case No. **2015 JUN 16  AM 10: 27**

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

**CV 15 - 3468**

**BLOCK, J.**

**POLLAK, M.J.**

Plaintiff, SUFIAN ALI MOHAMMAD BANISAID, complaining of the defendants

alleges as follows:

### THE PARTIES

A.   PLAINTIFF

1.   The Plaintiff, SUFIAN ALI MOHAMMAD BANISAID (hereinafter "Plaintiff"),

is an individual residing in Astoria, New York.

B.   DEFENDANTS

2.   Upon information and belief, the defendant 7-ELEVEN, INC., which does

business as 7-ELEVEN (hereinafter defendant "7-ELEVEN"), was and is a domestic business

corporation duly licensed to conduct business in the State of New York.

3.   Upon information and belief, the defendant 7-ELEVEN has its principal place of

business is located at 30-01 30th Avenue, Astoria, New York 11102.

4.   At all times relevant to this complaint, the defendant 7-ELEVEN was a

convenience store engaged in selling food items and goods to the public.

1

5. At all times relevant to this complaint, the defendant 7-ELEVEN's employees, and in particular the Plaintiff herein, handled the cash register, goods, food products, supplies, and cleaning supplies that have been moved and/or produced in interstate commerce.

6. Upon information and belief, the defendant 7-ELEVEN's gross annual sales in the amount of at least five hundred thousand dollars ($500,000.00) for each, or at least one, of the calendar years of 2014 and 2015.

7. Upon information and belief, the Defendant BURAK "DOE" (hereinafter "BURAK") is an individual whose business address is located at 30-01 30th Avenue, Astoria, New York 11102.

8. Upon information and belief, the Defendant ROSE "DOE" (hereinafter "ROSE") is an individual whose business address is located at 30-01 30th Avenue, Astoria, New York 11102.

9. At all times relevant to this complaint, the defendant BURAK served as a principal, officer, and/or manager of the defendant 7-ELEVEN.

10. At all times relevant to this complaint, the defendant ROSE served as a principal, officer, and/or manager of the defendant 7-ELEVEN.

11. At all times relevant to this complaint, defendant BURAK exercised close control over the managerial operations of 7-ELEVEN, including the policies and practices concerning employees.

12. At all times relevant to this complaint, defendant ROSE exercised close control over the managerial operations of defendant 7-ELEVEN, including the policies and practices concerning employees.

2

13.     At all times relevant to this complaint, with respect to the Plaintiff herein and all other similarly situated employees of defendant 7-ELEVEN, the defendant BURAK had the power to hire and fire; supervise and control work schedules and conditions of employment; determine the rate and method of pay; and maintain employment records.

14.     At all times relevant to this complaint, with respect to the Plaintiff herein and all other similarly situated employees of defendant 7-ELEVEN, the defendant ROSE had the power to hire and fire; supervise and control work schedules and conditions of employment; determine the rate and method of pay; and maintain employment records.

## JURISDICTION AND VENUE

15.     Jurisdiction is based upon 28 U.S.C. § 1331 insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the State Law Claims as they share a common nucleus of operative facts, specifically the statutory and regulatory scheme of Articles 6 & 19 of the New York Labor Law.

16.     Venue is based upon 28 U.S.C. § 1391(b)(1) insofar as at least one defendant resides within this district and (2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## PLAINTIFF'S FACTUAL ALLEGATIONS

17.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

18.     Plaintiff was hired by the Defendants on or about September 2, 2014 and worked for the defendants up and until April 28, 2015, when he was unfairly terminated after he was assaulted at the site of his employment..

3

19.     Throughout his employment, plaintiff served as a cashier and was also required to perform a variety of other tasks including stocking, inventory, and cleaning.

20.     Throughout his employment, plaintiff generally worked seven days per week from 11PM to 10:00AM-11:00AM.

21.     Plaintiff was paid $8.50 per hour throughout his employment and never received an overtime premium for hours worked in excess of forty (40) hours per week.

22.     Plaintiff was routinely paid no wages for several hours that he worked on various weeks.

## FIRST CLAIM UNDER THE
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (MINIMUM WAGE)

23.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

24.     In violation of 29 U.S.C. § 206 the Defendants have failed to pay Plaintiff the proper minimum wage as required by law.

25.     The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

## SECOND CLAIM UNDER THE
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (OVERTIME)

26.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

27.     In violation of 29 U.S.C. § 207 the Defendants have failed to pay Plaintiff overtime pay at premium rate of one and one half times their regular rate of pay.

28.     The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

**THIRD CLAIM UNDER THE
NEW YORK STATE LABOR LAW
AGAINST THE DEFENDANTS, AND EACH OF THEM
(MINIMUM WAGE/WAGE THEFT PREVENTION ACT)**

29.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

30.     The Defendants herein knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff overtime pay at premium rate of at least one and one half times their regular rate of pay.

31.     The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

32.     The Defendants willfully violated Plaintiff's rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a)

**FOURTH CLAIM UNDER THE
NEW YORK STATE LABOR LAW
AGAINST THE DEFENDANTS, AND EACH OF THEM
(OVERTIME/ WAGE THEFT PREVENTION ACT)**

33.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

34.     The Defendants herein knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff overtime pay at premium rate of at least one and one half times their regular rate of pay.

35.     The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

36.     The Defendants' willfully violated Plaintiff's rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a)

**FIFTH CLAIM UNDER THE
NEW YORK STATE LABOR LAW
AGAINST THE DEFENDANTS, AND EACH OF THEM
(SPREAD OF HOURS/ WAGE THEFT PREVENTION ACT)**

37.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

38.     The Defendants herein knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff his spread-of-hours premium for each work day that exceeded 10 hours.

39.     The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

40.     The Defendants' willfully violated Plaintiff's rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a)

***PRAYER***

***WHEREFORE***, Plaintiff prays for relief as follows:

6

A.  That, pursuant to FLSA's statutory and regulatory scheme, this Court awards unpaid wages for minimum wage and overtime pay, and an additional equal amount in liquidated damages;

B.  That, this Court declare that the Defendants' violation of FLSA's minimum wage and overtime provisions was knowing and willful;

C.  That, pursuant to NYLL's statutory and regulatory scheme, this Court awards unpaid wages for minimum wage, overtime, and spread of hours pay;

D.  That reasonable attorneys' fees and the costs of this action are awarded

E.  That pre-judgment interest and post-judgment interest are awarded; and

F.  Any further relief as this Court may deem just, proper, and equitable.

Dated: New York, New York
       June 15, 2015

Respectfully submitted,
GEROULAKIS LAW, P.C.

Andreas Geroulakis (AG9752)
Attorneys for Plaintiff
88 Church Avenue
Brooklyn, New York 11218
(718) 676-5866

7

TO:

7-ELEVEN, INC. d/b/a 7-ELEVEN
30-01 30th Avenue
Astoria, New York 11102

BURAK "DOE"
30-01 30th Avenue
Astoria, New York 11102

ROSE "DOE"
30-01 30th Avenue
Astoria, New York 11102

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     Case No._____
SUFIAN ALI MOHAMMAD BANISAID

                              Plaintiff,


                -vs.-


7-ELEVEN, INC. d/b/a 7-ELEVEN, BURAK "DOE"
last name being fictitious and unknown, and ROSE
"DOE" last name being fictitious and unknown

                              Defendants.
------------------------------------------------------------------X


## COMPLAINT


GEROULAKIS LAW, P.C.
88 Church Avenue
Brooklyn, New York 11218
(718) 676-5866


9