UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
SUFIAN BANISAID,

                        Plaintiff,                    **ORDER**
                                                      15 CV 3468 (CLP)
           -against-

7-ELEVEN INC. D/B/A 7-ELEVEN
INC. et al.,

                        Defendants.

----------------------------------------------------------- x

**POLLAK**, United States Magistrate Judge:

        On June 16, 2015, Sufian Banisaid ("plaintiff") commenced this action against 7-Eleven Inc. d/b/a 7-Eleven, Burak "Doe" and Rose "Doe" (collectively, "defendants"), seeking unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650, as well as spread of hours pay under the NYLL. During a conference with this Court held on December 21, 2015, the parties indicated that they had reached a resolution of the action. Thereafter, on January 13, 2016, the parties consented to proceed before the undersigned. In light of the Second Circuit's recent clarification that judicial approval is required to effectuate the settlement of a plaintiff's claims under the FLSA, see Cheeks v. Freeport Pancake House, Inc., No. 14 CV 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015), the Court has determined that the settlement is fair and reasonable under the circumstances.

        In considering whether to approve an FLSA settlement, courts look at whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking

Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").

In this case, after considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation, this Court is cognizant of the many issues that would require further discovery and the risks of litigation if the case were to proceed. Accordingly, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, and hereby approves the settlement.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 15, 2016

/s/Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York